Dear Ms. Milke:
You have requested the opinion of this office on the issue of the 1991 amendment of LA R.S. 38:2214 and its effect on Opinion No. 86-713.
Prior to 1987, LA R.S. 2214(A)(4) stated:
 A contractor who attempts to withdraw a bid under the provisions of this Section shall not be allowed to resubmit a bid on the contract. If the bid withdrawn is the lowest bid, the next lowest bid may be accepted.
In that opinion, we interpreted "the contract" to mean the actual contract that would be awarded to the lowest bidder after a solicitation and the opening of the bids. It was suggested in that opinion that if the Legislature had intended to prevent a bidder who withdrew his bid from submitting a new bid after resolicitation, the word project would have been used in place of contract. Therefore, we stated that the bidder who had withdrawn his bid prior to the rejection of all bids could bid on the same project in a subsequent solicitation.
In 1987, the Legislature reacted to that opinion by amending 2214(A)(4) to read:
 A contractor who attempts to withdraw a bid under the provisions of this Section shall not be allowed to resubmit a bid on the project. If the bid withdrawn is the lowest bid, the next lowest bid may be accepted. If all bids are rejected, any contractor who had withdrawn a bid prior to the rejection of all bids shall not be eligible to bid on the project unless the readvertisement and opening of bids is at least one hundred eighty days after the date the bid was withdrawn.
In the 1987 amendment, the word project was substituted for contract. The result of this change was to bar a bidder who had withdrawn a bid prior to the rejection of all bids from submitting a new bid on the project if there was a new solicitation. This amendment legislatively modified Opinion No. 86-713. The Legislature created a prohibition against allowing a bidder to rebid on the project or public work as a whole, after he had withdrawn a bid on the project on a prior solicitation. In the amendment, the Legislature also included an exception to the general prohibition. This exception allowed a bidder who had withdrawn his bid before all bids were rejected, to bid on the resolicited project only if the readvertisement for bids occurred more than one hundred eighty days form the date that bidder withdrew his bid.
In 1991, the statute was amended again. The substance of 2214(A)(4) was reproduced in 2214(D)(1) which states:
 A contractor who attempts to withdraw a bid under the provisions of this Section shall not be allowed to resubmit a bid on the project. If all bids are rejected no withdrawal of the bid which would result in the award of the contract on another bid of the same bidder, his partner, or to a corporation or business venture owned by or in which he has an interest shall be permitted. No bidder who is permitted to withdraw a bid shall supply any material or labor to, or perform any subcontract work agreement for, any person to whom a contract or subcontract is awarded in the performance of the contract for which the withdrawn bid was submitted.
The one hundred eighty day exception was not reproduced in the 1991 amendment. The effect of deleting this exception was to create an absolute prohibition against allowing a bidder who had withdrawn a bid to submit a new bid on the same project on a new solicitation, whenever it occurs.
In summary, it is our opinion that under the current language of LA R.S. 38:2214(D)(1), any bidder who withdraws a bid on a project prior to the rejection of all bids is ineligible to submit a bid on the project after resolicitation, regardless of the amount of time which has elapsed between the withdrawal of his bid and the new solicitation.
I trust that this answers your inquiry. If you have any further questions, please do not hesitate to contact us.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: GLENN R. DUCOTE Assistant Attorney General
GRD:568l